1 | E. MARTIN ESTRADA
United States Attorney
2 | MACK E. JENKINS
Assistant United States Attorney
3 | Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
4 | Assistant United States Attorney
Senior Litigation Counsel
5 | Public Corruption & Civil Rights Section
MAXWELL K. COLL (Cal. Bar No. 312651)
6 | Assistant United States Attorney
Cyber & IP Crimes Section
7 | JAMARI BUXTON (Cal. Bar No. 342364)
Assistant United States Attorney
8 | Public Corruption & Civil Rights Section
    1500 United States Courthouse
9 |     312 North Spring Street
    Los Angeles, California 90012
10 |     Telephone: (213) 894-2468/1785/3519
    Facsimile: (213) 894-0141
11 |     E-mail:   daniel.obrien@usdoj.gov
             maxwell.coll@usdoj.gov
12 |              jamari.buxton@usdoj.gov

Attorneys for Plaintiff
13 | UNITED STATES OF AMERICA

14 | JOSEF SADAT (Cal. Bar No. 282485)
9465 WILSHIRE BLVD., STE. 300
15 | BEVERLY HILLS, CA 90212
Telephone: (310) 709-6291
16 | Facsimile: (310) 300-8401
E-mail: josadatcriminaldefense@gmail.com
17 | Attorney for Defendant,
ADAM IZA

18

UNITED STATES DISTRICT COURT

19

FOR THE CENTRAL DISTRICT OF CALIFORNIA

20

| UNITED STATES OF AMERICA, | No. 2:24-CR-00630-PA |
|---|---|
|                  Plaintiff, | STIPULATION REGARDING (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT |
|                v. | |
| ADAM IZA,<br>  aka "The Godfather,"<br>  aka "Ahmed Faiq,"<br>  aka "Diego,"<br>  aka "Diego Facebook,"<br>  aka "Tony Brambilla,"<br>  aka "Leo," | CURRENT TRIAL DATE: 12/7/2024<br>PROPOSED TRIAL DATE: 2/25/2025 |
|                Defendant. | |

1    The United States of America, by and through its counsel of

2 record, the United States Attorney for the Central District of

3 California and Assistant United States Attorney Daniel J. O'Brien,

4 and defendant ADAM IZA ("defendant"), both individually and by and

5 through his counsel of record, Josef Sadat, hereby stipulate as

6 follows:

7    1.    The Indictment in this case was issued on October 22, 2024.

8 On November 5, 2024, defendant appeared before a judicial officer of

9 the court for post-indictment arraignment.  The Speedy Trial Act, 18

10 U.S.C. § 3161, originally required that the trial commence on or

11 before January 14, 2025.

12    2.    On November 7, 2024, the Court set a trial date of December

13 17, 2024, at 8:30 a.m., along with the following schedule:

14        (a) motions, including motions *in limine*, and notices

15 required by Rules 12, 12.1 and 12.2 shall be filed by November 18,

16 2024;

17        (b) oppositions to motions shall be filed by November 25,

18 2024;

19        (c) replies are to be filed by December 2, 2024; and

20        (d) hearings on any motions and a final status conference

21 shall be held on December 9, 2024 at 3:00 p.m.

22    3.    Defendant is detained pending trial.  The parties estimate

23 that the trial in this matter will last approximately ten days.

24    4.    By this stipulation, the parties move to continue the trial

25 date to February 25, 2025 and to establish the following schedule:

26        (a) any motions, including motions in limine, and notices

27 required by Rule 12, 12.1 and 12.2 shall be filed by January 27,

28 2025;

1          (b)  oppositions to motions shall be filed by February 3,

2    2025;

3          (c)  replies are to be filed by February 10, 2025; and

4          (d)  hearings on any motions and the final status conference

5    shall be on February 17, 2025.

6    5.    This is the first request for a continuance.

7    6.    The parties request the continuance based upon the

8    following facts, which the parties believe demonstrate good cause to

9    support the appropriate findings under the Speedy Trial Act:

10         (a)  The defendant is in need of medical care to remove

11   implants surgical implanted into his legs in November 2022.  The

12   Federal Bureau of Prisons, the Metropolitan Detention Center in Los

13   Angeles, and the U.S. Marshals Service are in the process of

14   contracting with the surgeon who performed the surgery in Las Vegas

15   and arranging defendant's transportation to Las Vegas, Nevada under

16   appropriate security arrangements so that the surgery and any

17   necessary follow up treatment can be performed.

18         (b) The surgery, follow up treatment, and defendant's

19   transfer will delay defendant's ability to review and absorb

20   discovery provided by the government.[1]

21         (c) Discovery is extraordinarily voluminous.  It consists

22   of evidence obtained from four different law enforcement agencies

23

24     [1] 18 U.S.C. § 3161(h)(1)(F) provides a basis for finding
   excludable time based upon "delay resulting from transportation of
25   any defendant from another district, or to and from places of
   examination or hospitalization, except that any time consumed in
26   excess of ten days from the date an order of removal or an order
   directing such transportation, and the defendant's arrival at the
27   destination shall be presumed to be unreasonable."  As defendant's
   transportation for medical treatment has not yet been arranged, at
28   this time, the parties do not seek a finding of excludable time based
   upon this provision.

1  that have focused on a variety of criminal conduct: the Federal
2  Bureau of Investigation ("FBI") in Los Angeles (primarily focused
3  upon civil rights violations and extortion), the Internal Revenue
4  Service (primarily focused on tax offenses and money laundering), the
5  FBI in San Francisco (primarily focused on three different fraud
6  schemes), and the Treasury Inspector General for Tax Administration
7  ("TIGTA") (primarily focused upon obstruction of justice).  In
8  addition, at and around the time of defendant's probable cause
9  arrest, the government executed several search warrants for digital
10  devices belonging to the defendant and other subjects of the
11  investigation.  The data contained within the digital devices is
12  currently being processed and includes screening for potential
13  attorney-client communications.

14        (d) Given the scope of discovery, the government has
15  doubled its paralegal support staffing devoted to the case to
16  expedite the processing of information.  The government has produced
17  discovery related to evidence obtained from the FBI Los Angeles and
18  the Internal Revenue Service although these productions are not yet
19  complete.  It is in the process of assembling evidence obtained from
20  the FBI San Francisco and TIGTA.  Once that discovery is produced,
21  the government intends to focus on producing evidence obtained after
22  defendant's arrest, including digital evidence obtained from the
23  various search warrants. The government anticipates that the
24  production of discovery will take several weeks.

25        (e) The government represents that it anticipates the
26  filing of a First Superseding Indictment charging defendant with wire
27  fraud relating to the fraud scheme described in the Introductory
28

1   Allegations of the Indictment, two other fraud schemes, and possibly
2   other associated offenses.
3        10.  In light of the foregoing, counsel for defendant represents
4   that additional time is necessary to confer with defendant, conduct
5   and complete an independent investigation of the case, conduct and
6   complete additional legal research including for potential pre-trial
7   motions, review the discovery and potential evidence in the case, and
8   prepare for trial in the event that a pretrial resolution does not
9   occur. Defense counsel represents that failure to grant the
10  continuance would deny him reasonable time necessary for effective
11  preparation, taking into account the exercise of due diligence.
12  Defendant believes that failure to grant the continuance will deny
13  him continuity of counsel and adequate representation.
14       11.  The requested continuance is not based on congestion of the
15  Court's calendar, lack of diligent preparation on the part of the
16  attorney for the government or the defense, or failure on the part of
17  the attorney for the Government to obtain available witnesses.
18       12.  For purposes of computing the date under the Speedy Trial
19  Act by which defendant's trial must commence, the parties agree that
20  the time period of November 8, 2024 to February 25, 2025, inclusive,
21  should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
22  (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a
23  continuance granted by the Court at defendant's request, without
24  government objection, on the basis of the Court's finding that: (i)
25  the ends of justice served by the continuance outweigh the best
26  interest of the public and defendant in a speedy trial; (ii) failure
27  to grant the continuance would be likely to make a continuation of
28  the proceeding impossible, or result in a miscarriage of justice; and

1  (iii) failure to grant the continuance would unreasonably deny

2  defendant continuity of counsel and would deny defense counsel the

3  reasonable time necessary for effective preparation, taking into

4  account the exercise of due diligence.

5      13.   Nothing in this stipulation shall preclude a finding that

6  other provisions of the Speedy Trial Act dictate that additional time

7  periods be excluded from the period within which trial must commence.

8      14.   The same provisions and/or other provisions of the Speedy

9  Trial Act may in the future authorize the exclusion of additional

10  time periods from the period within which trial must commence.

11  IT IS SO STIPULATED

12

Dated: November 8, 2024                 Respectfully submitted,

13

14                                       E. MARTIN ESTRADA
                                         United States Attorney
15
                                         MACK E. JENKINS
16                                       Assistant United States Attorney
                                         Chief, Criminal Division
17

18                                       */s/ Daniel J. O'Brien*
                                         DANIEL J. O'BRIEN
19                                       Assistant United States Attorney

20                                       Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA
21

22                                       */s/ Josef Sadat*
                                         JOSEF SADAT
23
                                         Attorney for Defendant
24                                       ADAM IZA

25

26

27

28

1    I am ADAM IZA's attorney. I have carefully discussed every part

2    of this stipulation and the continuance of the trial date with my

3    client.  I have fully informed my client of his Speedy Trial rights.

4    To my knowledge, my client understands those rights and agrees to

5    waive them.  I believe that my client's decision to give up the right

6    to be brought to trial earlier than February 25, 2025 is an informed

7    and voluntary one.

8

9

10   JOSEF SADAT                          Date 11/13/24
     Attorney for Defendant
11   ADAM IZA

12

13

14       I have read this stipulation and have carefully discussed it

     with my attorney.  I understand my Speedy Trial rights.   I
15
     voluntarily agree to the continuance of the trial date, and give up
16
     my right to trial earlier than February 25, 2025.
17

18

19

20   ADAM IZA                             Date 11/13/24
     Defendant

21

22

23

24

25

26

27

28