JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
SARAH E. SPIELBERGER (Cal. Bar No. 311175)
Asset Forfeiture & Recovery Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3358
    Facsimile: (213) 894-0141
    E-mail:    sarah.spielberger@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ADAM IZA,<br>  aka "The Godfather,"<br>  aka "Ahmed Faiq,"<br>  aka "Diego,"<br>  aka "Diego Facebook,"<br>  aka "Tony Brambilla,"<br>  aka "Leo,"<br><br>        Defendant. | No. CR 24-630(A)-PA<br><br>ADDENDUM TO PLEA AGREEMENT REGARDING FORFEITURE FOR DEFENDANT ADAM IZA |

1.    This constitutes an addendum to the plea agreement between ADAM IZA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in connection with this case. This addendum, like the original agreement, is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

FORFEITURE

2.   Defendant further agrees:

a.   To forfeit all right, title, and interest in any and all monies, cryptocurrencies, properties, and other assets derived from, or acquired as a result of, the fraudulent sale of access to Facebook advertising accounts or lines of credit, the fraudulent sale of financial interests in Zort, Inc. or "Zort Fund," the fraudulent sale of "Zort Coin," and any criminal business activity engaged in by Zort, Inc., Dream Agency, Rise Agency, Inc., or Atlas Marketing Agency, Inc., specifically including, but not limited to, the following:

i.   One 2022 Mercedes Benz GLS600Z4 VIN 4JGFF8HB1NA788488;

ii.   One 2018 Mercedes Benz GTCA VIN WDDYK8AA5JA022404;

iii.  One 2019 Porsche 911 VIN WP0AF2A91KS165252;

iv.   One 2019 Ferrari 488 Pista VIN ZFF90HLA9K0240288;

v.   One 2022 Mercedes-Benz Metris VIN W1YV0CEY3N3966155;

vi.   All funds in HSBC Premier account number ending in 5108;

vii. All funds in HSBC Premier account number ending in 5116;

viii.   All items seized from the premises located at 7 Via Brezza, Newport Coast, California, including:

(I)   fourteen Louis Vuitton bags;

(II) one Prada bag;

(III)   one Bottega Veneta bag;

2

(IV) three Chanel bags;

(V)  two Celine bags;

(VI) one Burberry bag;

(VII)    eight Hermes bags;

(VIII)    five Gucci bags;

(IX) two Dior bags;

(X)  one Balenciaga bag;

(XI) one black bag inscribed "Lord Tiana,"

(XII)    one pair of Tiffany earrings;

(XIII)    one Glock 19, 9mm pistol, serial number BRNW965;

(XIV)    one Smith & Wesson, M&P 15 rifle, serial number TP91684;

ix.  All items seized from the premises located at 43 Beach View Avenue, Dana Point, CA 92629, including:

(I)  One black and yellow Jacob & Co. "Godfather" watch;

(II) Three "Godfather" sculptures;

x.   All items seized from defendant's person at the time of his arrest with the exception of a gray and gold ring with a dragon design and clear stone and an Audemars Piguet watch yellow metal with blackface (identified as Asset ID # 24-FBI-006738) (collectively, the "Forfeitable Assets").

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including,

3

without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets, including administrative forfeiture notice #587856 dated November 22, 2024.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.    That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

3.    Defendant understands that all items seized by the government during the course of its investigation, including all digital devices belonging to defendant, even if not identified as forfeitable under the terms of this Addendum, will be maintained as evidence and, should further evidence indicate that such items

4

constitute proceeds or instrumentalities of criminal activity, may be subject to future forfeiture actions.

4.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

//

//

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

5. The parties agree that this addendum, along with the plea agreement, will be considered part of the record of defendant's guilty plea hearing as if the entire addendum had been read into the record of the proceeding.


AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney


_____        01/27/2025
SARAH E. SPIELBERGER                      Date
Assistant United States Attorney

_____        1/27/25
ADAM IZA                                  Date
Defendant

_____        1/27/25
JOSEF SADAT                               Date
Attorney for Defendant ADAM IZA

6